**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

SHERRY S. ROBINSON,          )
                                   )
                Plaintiff,     )       No. 1:16-cv-03628-DCN
      vs.                    )
                                   )       **ORDER**
NANCY A. BERRYHILL[1], *Acting*    )
*Commissioner of Social Security*   )
                                 )
              Defendant.   )
_____)

      This matter is before the court on United States Magistrate Judge Shiva Hodges's

Report and Recommendation ("R&R") that this court affirm the final decision of the

Acting Commissioner of Social Security ("the Commissioner") to deny plaintiff Sherry S.

Robinson's ("Robinson") application for disability insurance benefits ("DIB") and social

security insurance benefits ("SSI").  For the reasons set forth below, the court rejects the

R&R, and reverses and remands the Commissioner's decision.

## I.  BACKGROUND

### A.  Procedural History

      Robinson filed an application for SSI and DIB on April 24, 2013.  Tr. 14.  In each

application, Robinson alleged disability beginning February 5, 2014 ("the alleged onset

date").  Id.  The Social Security Agency denied Robinson's claim initially and on

reconsideration.  Id.  Robinson requested a hearing before an administrative law judge

("ALJ"), and ALJ Gregory M. Wilson held a hearing on July 24, 2015.  Tr. 43–85.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on Jan 23, 2017.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes Nancy A. Berryhill for Carolyn W. Colvin as Defendant in this action.

During the hearing, Robinson's attorney moved to amend her alleged onset date to February 5, 2014. Tr. 46. The ALJ issued a decision on September 8, 2015, finding that Robinson was not disabled under the Social Security Act. Tr. 14–33. Robinson requested Appeals Council review of the ALJ's decision. The Appeals Council declined Robinson's request, Tr. 1–9, rendering the ALJ's decision the final action of the Commissioner.

On November 15, 2016, Robinson filed this action seeking review of the ALJ's decision. The magistrate judge issued the R&R on August 10, 2017, recommending that this court affirm the ALJ's decision. Robinson filed objections to the R&R on August 24, 2017, and the Commissioner responded to Robinson's objections on September 6, 2017. The matter is now ripe for the court's review.

### B. Medical History

Because Robinson's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Robinson was born on February 5, 1964 and was 50 years old at the time of her amended alleged disability onset date. She was 51 years old at the time of the ALJ hearing. She communicates in English. She completed high school and one year of college. Tr. 50. Her past relevant work was a teacher's aide and a school bus driver. Tr. 80.

### C. ALJ's Findings

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Robinson had been under a disability since the alleged onset date. The ALJ first determined that Robinson had not engaged in substantial gainful activity during the relevant period. Tr. 16. At step two, the ALJ found that Robinson suffered

from the following severe impairments: obesity, carpal tunnel syndrome, left shoulder impairment, cervical spine impairment, bipolar disorder, and anxiety. Id. At step three, the ALJ found that Robinson's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in the Agency's Listings of Impairments ("the Listings"). Tr. 17–20. Before reaching the fourth step, the ALJ determined Robinson had the residual function capacity ("RFC") to perform "medium work" with several limitations. Tr. 20. Specifically, the ALJ found that Robinson could lift and carry fifty pounds occasionally and twenty-five pounds frequently; she could stand or walk for six hours in an eight-hour workday, and she could sit for six hours in an eight-hour workday; she could frequently stoop, kneel, crouch, and crawl; she could frequently climb ramps and stairs but can only occasionally climb ladders ropes, and scaffolds; she could frequently overhead reach, handle, and finger; she should avoid concentrated exposure to hazards; she could perform simple, one-to-two step tasks and she would require a job with no public contact. Tr. 20–21. The ALJ found at step four that Robinson was not capable of performing her past relevant work as a bus driver and teacher's aide, but that based on her age, education, work experience, and RFC, Robinson could perform jobs existing in significant numbers in the national economy. Tr. 31. Therefore, the ALJ concluded that Robinson had not been under a disability within the meaning of the Act since the alleged onset date.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of

the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).  However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."  Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III.  DISCUSSION

Robinson objects to the magistrate judge's R&R on three grounds, arguing that the ALJ erred in: (1) failing to properly account for Robinson's moderate concentration, persistence or pace limitations in the RFC assessment; (2) failing to explain the consideration given to the disability determination by the South Carolina Public

Employee Benefit Authority ("SCPEBA") as required by SSR 06-3p; and (3) issuing an

RFC that was inconsistent with the hypothetical posed to the vocational expert ("VE") at

the hearing.  ECF No. 16 at 1–3.  The court examines each argument in turn.

### 1.    Concentration, Persistence or Pace.

Robinson first argues that the RFC assessment failed to properly consider her

moderate limitations in concentration, persistence or pace.  EFC No. 16 at 1.

Specifically, Robinson contends the ALJ's limitation to "simple, one to two step tasks

with no public contact" runs contrary to the Fourth Circuit holding in Mascio v. Colvin,

780 F.3d 632 (4th Cir. 2015), where the Fourth Circuit held that an ALJ's hypothetical to

the VE limiting the claimant to performing simple, routine, unskilled tasks did not

account for a claimant's limitations in concentration, persistence and pace.  Id.  The

Commissioner responds that the ALJ properly assessed the RFC, because the ALJ both

determined that Robinson had moderate difficulties with regard to concentration,

persistence, or pace, and also detailed the evidence in the record which showed minimal

limitations.  ECF No. 11 at 16.

Mascio makes clear than an ALJ must explain how he considered the claimant's

limitation in concentration, persistence, or pace.  However, where—as here—the ALJ

sufficiently explains the exclusion of a mental limitation, courts have held that remand is

not required.  For example, in Helms v. Colvin, 2016 WL 2848368, at *3 (D.S.C. May

16, 2016) the court found that the ALJ sufficiently explained the exclusion of the

claimant's mental limitation in assessing the RFC where the ALJ cited to specific

evidence in the record including the opinion of the state agency consultant and two other

doctors supporting an assessment of coherent goal-directed thought processes, normal

cognitive processing speed, and improved anxiety. Similarly, here the ALJ found that Robinson suffers from no restriction in daily activity, moderate difficulties in social functioning, moderate difficulties in concentration, persistence or pace, and no episodes of extended duration decompensation. Tr. 19. He noted that Robinson had reported difficulty concentrating and completing tasks, but that she "had the concentration necessary to cook, clean, drive, read and pay bills" and "attends to her personal hygiene, prepares simple meals, cleans, washes laundry and irons." Tr. 19, 22. In the ALJ's overview and analysis of Robinson's medical history, he found that her mental longitudinal history revealed no cognitive limitations or restrictions, and that Robinson's attention was reported to be only a mild impairment. Tr. 30. The ALJ further concluded that he was giving Robinson "the benefit of the doubt" in assessing a moderate limitation in concentration, persistence, or pace. Tr. 19. The ALJ also discussed that based on her psychological evaluations and the opinions of State agency consultants Xanthia Harkness, Ph.D ("Dr. Harkness") and Craig Horn, Ph.D. ("Dr. Horn") Robinson was talkative, persisted with tasks, and her reading skills, simple comprehension, and social problem skills fell within the average range. Tr. 19. Additionally, the ALJ recognized that Robinson had mild difficulty maintaining her cognitive strategy but her attention span fell within the normal limits, and that she immediately recalled six out of sixteen words and worked up to fifteen words by the fifth trial, which indicated a "strong, positive" learning curve. Id. The ALJ also discussed Dr. Todd Cook's conclusion that Robinson did not have mental or cognitive limitations. Tr. 23.

It is clear that the ALJ sufficiently explained why he found that Robinson's moderate difficulties in concentration, persistence, or pace were minimal. Furthermore,

the RFC already takes Robinson's mental limitations into account—she was restricted to work that includes only "simple, one to two step tasks with no public contact." Mascio does not require remand here.

### 2.     SCPEBA finding of disability

Next, Robinson argues that the ALJ's failure to consider the letter that indicated the SCPEBA had approved her for disability benefits was not harmless. ECF No. 16 at 2. The Commissioner argues that the ALJ did not err in failing to evaluate the SCPEBA finding of disability because the record contains no explanation for the criteria the SCPEBA used to come up with the disability finding, and that the ALJ did not ignore the SCPEBA disability because in the opinion he cited multiple times to the exhibit that contained the letter. ECF No. 11 at 20–21.

Pursuant to SSR 06-3p, an ALJ cannot ignore disability decisions rendered by other agencies.[2] However, SSR 06-3p does not stand for the proposition that the SSA is bound by other agencies' disability determinations. In relevant part, SSR 06-3p states:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies . . . Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered . . . Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies . . . However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

---

[2] Social Security Ruling 06-03p was rescinded effective for claims filed on or after March 27, 2017. Because Robinson filed her complaint prior to this date, Ruling 06-03p applies in this case.

Social Security Ruling 06-03p, 2006 WL 2329939 (2006). In Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit held that although another agency's "decision is not binding on the [SSA,] . . . under the principles governing SSA disability determinations, another agency's disability determination 'cannot be ignored and must be considered.'" The Fourth Circuit reasoned that the disability assessments of other agencies serve the same governmental purpose of providing benefits to persons unable to work, evaluate a claimant's ability to perform full-time work, analyze a claimant's functional limitations, and require extensive medical documentation to support the claims. Id.

Consequently, to satisfy SSR 06-03p and Bird, an ALJ must meaningfully articulate how substantial evidence supports a conclusion that the disability determination of another agency is entitled to limited or no weight. See Bird, 699 F.3d at 343; Adams v. Colvin, 2016 WL 697138, *4 (E.D.N.C. February 22, 2016) (SSR 06-03p requirement not met where ALJ failed to explain the consideration given to claimant's Medicaid disability finding in the RFC and the RFC found claimant capable of full range of medium work); Hildreth v. Colvin, 2015 WL 5577430, *4 (M.D.N.C. September 22, 2015) (finding ALJ committed reversible error when failing to adequately explain why claimant's VA rating was given less than substantial weight); Allen v. Colvin, 2013 WL 3983984 (E.D.N.C. Aug. 1, 2013) (remand required where Commissioner did not indicate weight given to Medicaid determination).

Here, the ALJ failed to mention, much less accord any weight to, the disability determination by the SCPEBA. This does not meet the requirements under SSR 6-3p and

the Fourth Circuit precedent set forth in <u>Bird</u>. On June 24, 2014, Robinson received a letter from the SCPEBA explaining she was entitled to a monthly benefit of disability retirement as of January 28, 2014. Tr. 213. Based on this letter finding she could not return to work, it is reasonable to assume that Robinson could not perform more than sedentary work. The ALJ's failure to consider the letter cannot be dismissed as harmless because if the letter had been considered, it is possible that Robinson would have been limited to sedentary work and adjudicated as disabled. The court makes no finding on whether Robinson would be limited to sedentary work or if she would be adjudicated as disabled, just that this is an analysis that was not conducted by the ALJ. Here, like <u>Adams</u>, the ALJ fails to give an explanation as to why he did not consider the SCPBE letter. Accordingly, remand is appropriate. The court need not address Robinson's remaining argument.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R,

**REVERSES** the Commissioner's decision, and **REMANDS** the case for further

administrative proceedings.

    **AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 7, 2018**
**Charleston, South Carolina**